RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0324-WC

FLOYD METCALF                                                        APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-01543

ADVANCED PAVING &
CONSTRUCTION; HONORABLE W.
GREG HARVEY, ADMINISTRATIVE
LAW JUDGE; HONORABLE DANIEL
CAMERON, ATTORNEY GENERAL
OF KENTUCKY; AND WORKERS'
COMPENSATION BOARD

APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Floyd Metcalf has petitioned this Court for review of the

February 26, 2021, opinion of the Workers' Compensation Board (the Board)

affirming the September 16, 2020, opinion, award, and order by the Administrative

Law Judge (ALJ) on remand finding that the current (2018) version of Kentucky Revised Statutes (KRS) 342.730(4) retroactively applied to his award of disability benefits. We affirm.

This matter has previously been before the Court of Appeals, and we shall rely upon the prior opinion for our discussion of the underlying facts and procedural history:

> Metcalf began his employment with Advanced in 2012, and primarily operated heavy machinery in his job duties. His prior work history was similar in that he had worked in maintenance and/or construction most of his life. On or about November 9, 2016, Metcalf was on a jobsite operating a backhoe with a hoe-ram attached when a piece of rock hit him in the right eye. He was fifty-one years old at the time of the accident. Although he has had four surgeries since the accident, he suffers a near total loss of vision in his right eye. Metcalf had previously sustained an injury to his left eye at age twelve, which left him blind in that eye. The left eye was replaced with a prosthetic in 2012, prior to his employment with Advanced.
>
> The parties stipulated to the impairment ratings assigned to Metcalf by Dr. Richard Eiferman. Metcalf suffers from 96% whole person impairment due to a near total loss of vision in both eyes. Dr. Eiferman attributed 20% of the impairment to the loss of Metcalf's vision in his left eye in 1977, at age twelve. The remaining 76% impairment is attributable to the November 9, 2016 injury.
>
> The ALJ found that Metcalf is permanently and totally disabled after performing a five-step analysis pursuant to *City of Ashland v. Stumbo*, 461 S.W.3d 392, 396-97 (Ky. 2015). Although 20% of the impairment

resulted from Metcalf's prior injury at age twelve, the ALJ was not persuaded that Metcalf suffered any occupational disability from the childhood injury because he worked for Advanced without any restrictions prior to the November 9, 2016 accident.

The ALJ ordered that Metcalf shall receive permanent total disability benefits (PTD) on a weekly basis "for so long as he remains disabled, subject to the tier down provision in the 1994 version of KRS 342.730(4)." The parties filed petitions for reconsideration. Metcalf argued that, because the Kentucky Supreme Court had recently held the then-current version of KRS 342.730(4) unconstitutional, neither the current nor former version of the subsection applied. *See Parker v. Webster County Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759, 767 (Ky. 2017). In short, Metcalf argued that he is entitled to receive full PTD for the remainder of his natural life. For its part, Advanced argued that Metcalf was not permanently and totally disabled as a result of the November 9, 2016 accident. The ALJ entered an order denying both petitions. Both parties appealed to the Board. The Board affirmed in part, but vacated and remanded the portion of the ALJ's decision regarding KRS 342.730(4), noting that

> the ALJ did not err in applying the tier-down provision contained in the pre-1996 version of KRS 342.730(4) when he decided the claim. However, effective July 14, 2018, the amended version of KRS 342.730(4) is applicable to this claim. This recent statutory change sets forth that income benefits awarded to Metcalf terminate at age seventy. Therefore, we must vacate and remand this claim to the ALJ for a determination regarding the termination of Metcalf's award.

The parties now appeal to this Court. Advanced argues that Metcalf is not permanently and totally disabled as a result of the November 9, 2016 accident, and that the ALJ is required to carve-out the award of benefits to account for "the combined effects of pre-existing, non-work-related impairment and work-related impairment." Metcalf argues the ALJ erred by applying the pre-1996 version of KRS 342.730(4) and, similarly, the Board erred in remanding the case to the ALJ for a determination of benefits pursuant to the version of KRS 342.730(4) effective July 14, 2018 (i.e., the current version). He argues that he is entitled to lifetime benefits.

*Advanced Paving & Construction v. Metcalf*, No. 2018-CA-001196-WC, 2020 WL 1490770, at \*1-2 (Ky. App. Mar. 27, 2020). The Court found no error in the arguments raised by Advanced Paving in its petition. *See id*. at \*4, \*6.

We then addressed the issue Metcalf raised in his petition, namely, the application of KRS 342.730(4) to his award of benefits. Based on the Supreme Court of Kentucky's holding in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), that the 2018 amendment to KRS 342.730(4) had retroactive application, this Court agreed with the Board that it was proper to vacate and remand Metcalf's permanent total disability award to comply with that version. The ALJ had subjected Metcalf's award to a tier-down provision. *Metcalf*, 2020 WL 1490770, at \*7. The record reflects that Metcalf attempted to appeal this decision to the Supreme Court, but the notice of appeal was untimely filed.

The matter was remanded to the ALJ, who entered an amended opinion, award, and order on September 16, 2020. The award of PTD benefits was noted to be subject to the current version of KRS 342.730(4), which "requires termination of those benefits at age 70." Metcalf appealed this amended award to the Board, arguing that the ALJ erred in finding that the current version of KRS 342.730(4) had retroactive application and that retroactive application violated the Contracts Clause of the United States and Kentucky Constitutions and was an exercise of arbitrary power in contravention of Section 2 of the Kentucky Constitution. Advanced Paving argued that Metcalf's appeal was barred by the law of the case doctrine and that the retroactive application of KRS 342.730(4) was not unconstitutional. The Board entered its opinion on February 26, 2021, affirming the ALJ's amended award on remand. The Board rejected Advanced Paving's argument that the law of the case doctrine applied, noting that this Court "previously declined to render a decision on the issue of constitutionality." The Board noted that it did not have jurisdiction to address Metcalf's constitutional arguments. It ultimately held that the ALJ properly applied KRS 342.730(4) retroactively to Metcalf's award of PTD benefits and therefore affirmed the decision. This petition for review now follows.

In his petition, Metcalf argues, as he did before the Board, that the ALJ erred in finding that the current version of KRS 342.730(4) was to be applied

-5-

retroactively and that retroactive application of the current version violated the Contracts Clause of the United States and Kentucky Constitutions and constituted an exercise of arbitrary power. Advanced Paving continues to argue that the law of the case doctrine applies to prevent Metcalf from raising these arguments[1] and that retroactive application of the current version of the statute was not unconstitutional.

This Court's standard of review in workers' compensation appeals is well-settled in the Commonwealth. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

While this petition was pending, the Supreme Court rendered two opinions addressing the current version of KRS 342.730(4). In *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), and *Dowell v. Matthews Contracting*, 627 S.W.3d 890 (Ky. 2021), the Supreme Court upheld the constitutionality of the current version and its retroactive application as we shall discuss below.

In *Cates*, the Supreme Court set forth the legislative and legal history of the amendments to KRS 342.730(4) to provide a context to its analysis:

---

[1] We reject this argument for the reasons set forth in the Board's opinion.

Before we undertake our analysis, we review for context two of our recent holdings addressing the General Assembly's efforts to establish an outer limit on the receipt of workers' compensation income benefits. In *Parker v. Webster County Coal, LLC*, a majority of this Court invalidated the 1996 version of KRS 342.730(4). That statute read:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits under the United States Social Security Act, 42 U.S.C. secs. 301 to 1397f, or two (2) years after the employee's injury or last exposure, whichever last occurs.

The majority in *Parker* found the statute unconstitutional for two reasons: (1) the statute created an arbitrary classification because the benefit cut-off date was dependent upon when the recipient received old-age social security benefits and (2) the statute was special legislation because it favored those who would not receive old-age social security benefits and disfavored those who would receive such benefits. Importantly, even though *Parker* invalidated the 1996 version of the statute, it reaffirmed this Court's prior precedent in which we consistently held that treating older injured workers differently from younger injured workers is rationally related to the legitimate government interests in preventing a duplication of benefits and saving money for the workers' compensation system. We said in *Parker*,

> The rational bases for treating younger and older workers differently is (1) it prevents duplication of benefits; and (2) it results in savings for the workers compensation system. Undoubtedly both of these are rational bases for treating those who, based

-7-

on their age, have qualified for normal
Social Security retirement benefits
differently from those who, based on their
age, have yet to do so.

[*Parker*, 529 S.W.3d at 768.]

Shortly after our holding in *Parker*, the General
Assembly in 2018 enacted a new version of KRS
342.730(4) to read:

All income benefits payable pursuant to this
chapter shall terminate as of the date upon
which the employee reaches the age of
seventy (70), or four (4) years after the
employee's injury or last exposure,
whichever last occurs. In like manner all
income benefits payable pursuant to this
chapter to spouses and dependents shall
terminate as of the date upon which the
employee would have reached age seventy
(70) or four (4) years after the employee's
date of injury or date of last exposure,
whichever last occurs.

This change purported to rectify the shortcomings
of the 1996 version as identified in *Parker* by untethering
the cessation of a claimant's workers' compensation
income benefits from the receipt of old-age social
security retirement benefits, a benefit that *Parker*
identified as not available to Kentucky's retired teachers.
The new statute now limits the duration of benefits by
linking cessation for all income beneficiaries to the later
of two events (1) reaching age 70, or (2) four years after
injury or last injurious exposure.

In *Holcim v. Swinford* we addressed retroactive
application of the 2018 amendment. While not explicitly
stated in the statute as codified, we found a clear
legislative intent that the amendment apply retroactively

-8-

to all claims where (1) the injury occurred after December 1997 and (2) has not been fully and finally adjudicated through the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of the Act, July 14, 2018. We declined to address the constitutionality of its effect, or the constitutionality of the amendment's text because those issued were not argued until after the Court of Appeals had rendered its opinion. The cases at hand now present the issue remaining after *Holcim*, which is the constitutionality of the amendment and its retroactive application.

*Cates*, 627 S.W.3d at 868-70 (footnotes omitted).

The *Cates* Court first held that the 2018 amendment to KRS 342.730(4) did not violate the Equal Protection Clause under either the 14th Amendment to the United States Constitution or Sections 1, 2, and 3 of the Kentucky Constitution:

[W]e find the 2018 amendment classifies recipients based only on age, entirely unrelated to their old-age social-security eligibility. This age classification prevents a duplication of benefits, which we have found, to be a legitimate state interest and applies to all those receiving workers' compensation equally. So the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose.

*Cates*, 627 S.W.3d at 871. The Court then held that the retroactive application of the 2018 amendment to KRS 342.730(4) did not create an arbitrary class of litigants:

We find here no arbitrary exercise of legislative authority in the retroactive application of the amendment.

After *Parker*, the General Assembly acted swiftly to amend the statute to fill the statutory gap with constitutional norms. The legislature "may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative." Because the 1996 version had been invalidated and a new version enacted, the General Assembly was left to decide if pending claims would be governed by the 1994 version of the statute – a statute that had not been in effect for over 20 years – or to allow for current claims to be decided under the new amendment. The legislative body apparently chose the latter, and that choice was its prerogative.

*Id*. at 871-72 (footnotes omitted).

In *Dowell*, the Supreme Court addressed whether the 2018 amendment to KRS 342.730(4) violated the federal and state Contracts Clause.

Adams and Dowell both argue that applying the current version of KRS 342.730(4) to their claims violates the Contracts Clause of both the United States and Kentucky Constitution. Article 1, Section 10, Clause [1] of the United States Constitution reads:

No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

Similarly, Section 19 of the Kentucky Constitutions provides, "No ex post facto law, nor any law impairing the obligation of contracts, shall be enacted."

-10-

*Dowell*, 627 S.W.3d at 894.  However, the Supreme Court did not perform a

Contracts Clause analysis in this case "because the Workers' Compensation Act

(WCA) does not constitute a contract between Kentucky workers and their

employers or the state.  Instead, the WCA is a statutory scheme that may be

amended as the General Assembly chooses, provided it fits within our

constitutional framework."  *Id*. at 894-95.

> The workers' compensation system is controlled by the state and is governed by legislative enactments.  It is not a contract on [sic] between employers and their employees.  Changes to the relevant statutes, therefore, do not create a Contracts Clause issue.  While changes to statutes may result in other constitutional issues, such as a violation of due process or constitute special legislation, a Contracts Clause issue is impossible in this matter because there is simply no contract or contractual right for the statutory amendment to impair.

*Id*. at 896 (footnote omitted).

The Supreme Court then addressed the retroactivity issue in the

context of a claimant's right to a certain duration or amount of benefits received.

> Dowell and Adams argue that applying the new version of KRS 342.730(4) is unconstitutional because they have a vested right to the benefits assigned to them by the ALJ and Workers' Compensation Board.  We have also briefly addressed this argument in a companion opinion, also rendered today, *Cates v. Kroger*.  We will address it here to clarify that litigants like Adams and Dowell do not have a vested right to certain benefits.  While they have a vested right to some benefits by statute, they do not have a vested right to "certain"

benefits until their claim for benefits has been determined by final order.

A benefits-recipient's right to compensation becomes fixed and vests on the date of the injury. The right to receive benefits is a substantive issue and the injury date is controlling under substantive law. We have long held "that where a suit has been instituted under a statute giving a cause of action and a right to maintain such action, and once the action has been prosecuted to final judgment, and the rights of the parties fixed, such rights then become vested in the judgment, and thereafter a legislature can pass no law which impairs the validity of the vested right thus obtained." So, Dowell and Adams have a vested, substantive right to litigate their benefits, a right that cannot be taken away by statutes that have since come into existence since filing their claim. But in contrast, their right to a certain duration or amount of benefits has not vested and will not do so until they receive a final decision of their claims. So, the 2018 amendment to KRS 342.730(4) "[does] not create new or take away vested rights" of plaintiffs like Adams and Dowell, and its retroactive application is constitutional.

Because Adams's and Dowell's benefits have not been completely litigated, their potential awards must conform with the changes in the applicable law effective during the litigation process. And in *Holcim* we found that the legislature intended the law to apply to all claims currently pending. So the 2018 amendment applies to Dowell and Adams even though the only issue left to litigate is the effect of the 2018 amendment on the duration of their benefits. While we agree with Adams that the 2018 amendment impairs his benefits award, Adams had no vested right in the outcome of his claim before the ALJ or the Board. As we stated in *Martin v. Warrior Coal, LLC*, [671 S.W.3d 391, 397-98 (Ky. 2021),] the legislature intended for the 2018 amendment of KRS 342.730(4) to apply to all pending appeals, and

-12-

Adams's appeal was pending when the Court of Appeals ruled. In fact, the case is still not fully litigated.

Likewise, Dowell's benefits claim was decided after we had invalidated the 1996 amendment and the ALJ and the Board resurrected the 1994 version of the statute as applicable to Dowell's claim. By the time Dowell's appeal reached the Court of Appeals, the 2018 amendment had become effective, and we had determined the statute applied retroactively. So Dowell's benefits were not final then and are not now. Because Dowell's award is still being litigated, we find the 2018 amendment to KRS 342.730([4]) controls.

As we stated in *Cates v. Kroger*, "we reiterate our holding in *Holcim* that the legislature intended for the new amendment to apply to all pending appeals with injury dates occurring after December 1996." We are bound by the text of the statute and unless it conflicts with a constitutional provision, we must uphold the laws the legislature has enacted. Neither Adams nor Dowell had a vested right to certain benefits, only a right to some benefits that are to be determined under current law.

*Dowell*, 627 S.W.3d at 897-98 (footnotes omitted).

The above-cited cases constitute binding authority of the Supreme Court of Kentucky, which this Court must follow pursuant to Supreme Court Rule (SCR) 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). Because Metcalf's injury occurred after 1996 and his award of benefits is still being litigated, the 2018 amendment to KRS 342.730(4) controls in this case.

-13-

For the foregoing reasons, the opinion of the Workers' Compensation Board affirming the ALJ's amended award on remand is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Wayne C. Daub
Louisville, Kentucky

BRIEF FOR APPELLEE
ADVANCED PAVING &
CONSTRUCTION:

Lyn Douglas Powers
Louisville, Kentucky